UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHA VISCONTI,

    Plaintiff,

v.

ALBERT GREGORY PINTO, *et al.*,

    Defendants.

Civil Action No. 25-cv-00746 (JMC)

**MEMORANDUM OPINION**

On March 14, 2025, pro se Plaintiff Maha Visconti, filed this matter against Superior Court of California, County of Los Angeles (Superior Court of Los Angeles County) Judge Elaine W. Mandel, Judge Mandel's judicial assistant Emily Sam, Plaintiff's former attorney Albert Gregory Pinto, Pinto's own attorney Eric Khodadian, and 50 Doe Defendants. ECF 1 at 5–6. Plaintiff is currently incarcerated in California. From what the Court can gather from Plaintiff's complaint, Plaintiff and Pinto have been opposing parties in cases filed in the Superior Court of Los Angeles County and the U.S. District Court for the Central District of California. *Id*. at 7–18. Judge Mandel presided over Plaintiff's Superior Court litigation. *Id*. at 6. Plaintiff challenges Judge Mandel's actions in that litigation and asks this Court to intervene in those matters on her behalf. *See id*. at 7–19, 23–24. Additionally, Plaintiff contends that all Defendants committed various torts and violated her rights in the litigation. *Id*. at 2–3, 5–6, 19–23. Plaintiff believes that Defendants conspired with Judge Mandel to somehow "manipulate" this Court into remanding a California state case after Plaintiff unsuccessfully attempted to remove it to this District. *See Pinto v. Visconti*, 25-cv-293 (JMC) (D.D.C. Jan. 31, 2025), at Min. Ord. (entered Feb. 14, 2025) (remanding case to the Superior Court of Los Angeles County).

1

Plaintiff paid the filing fee in this action and is not proceeding in forma pauperis. ECF No. 1. She is responsible for serving Defendants. Upon receipt of her Complaint, the Clerk of Court issued summonses to Plaintiff on March 14, 2025, and then again, at Plaintiff's request, on March 31, 2025. *See* Pl.'s Request for Summonses, ECF No. 5; Clerk's Reissuance of Summonses, ECF No. 6. On April 24, 2024, Defendants Mandel and Sam filed a Motion to Dismiss pursuant to Federal Rules 12(b)(1), (b)(2), and (b)(6). ECF Nos. 8, 9. On April 25, 2025, the Court issued an Order, directing Plaintiff to file any response to that motion by May 26, 2025 and warned her of the consequences of failing to comply, including the risk of dismissal. *See Fox* Order, ECF No. 10. The Court later extended Plaintiff's response deadline to June 27, 2025, after Plaintiff indicated that she had not received a copy of the motion to dismiss and needed additional time to respond. *See* Min. Order (entered May 28, 2025).

Plaintiff did not respond to the motion to dismiss as directed. On June 30, 2025, three days after her response deadline, Plaintiff filed a notice of voluntary dismissal seeking to dismiss her claims against Judge Mandel. ECF No. 17. That filing made no reference to her claims against Sam. On August 12, 2025, nearly two months after Plaintiff's extended response deadline, the Court issued a Show Cause Order, directing Plaintiff to show cause in writing, by September 12, 2025, why this action should not be dismissed for failure to prosecute based on her failure to respond to Sam's motion to dismiss and also for failure to serve the Defendants with process. ECF No. 22 at 1–2. Plaintiff was again warned that failure to comply with the Court's order would result in dismissal. *See id*. After Plaintiff filed a notice claiming that she had not received the Court's order and needed additional time to handle this case because she was being transferred to a different facility, ECF 23, the Court extended the show cause deadline to October 6, 2025, *see* Min. Order (entered Aug. 20, 2025). In addition to reminding Plaintiff that failure to show cause

2

would result in dismissal, the Court informed Plaintiff that additional requests to extend the show cause deadline would be viewed with disfavor. *See id*.

Then, on September 17, 2025, Plaintiff filed a second notice of voluntary dismissal. The notice is styled as "Plaintiff's Notice of Dismissal of Defendant 'Emily Sam' for Voluntary Dismissal of This Defendant Without Prejudice" but in the body of the notice Plaintiff represents that she only intends to pursue her claims against Defendant Pinto. ECF No. 24 at 1–2 (stating that "I am narrowing this case to the *main* Defendant Albert G. Pinto.").

The Court now dismisses this action in its entirety. First, the Court finds that Plaintiff has voluntarily dismissed her claims against Defendants Mandel and Sam under Rule 41(a)(1) and denies those Defendants' motion to dismiss as moot. ECF No. 17; ECF No. 24. Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff can voluntarily dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). Because Plaintiff has filed voluntary notices of dismissal against Defendants Mandel and Sam, the Court dismisses her claims against those Defendants under Rule 41(a).[1] Next, Defendant Khodadian and the Doe Defendants have not been served and thus have not responded to Plaintiff's complaint. Because Plaintiff's notice of dismissal against Defendant Sam indicated her intent to proceed only against Defendant Pinto, Plaintiff has also dismissed Defendant Khodadian and the Doe Defendants from this action under Rule 41(a). ECF 24 at 2.

---

[1] "The fact that Defendant[s] ha[ve] filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) does not change the calculus. Courts have found that the filing of a motion to dismiss for failure to state a claim does not affect a plaintiff's right to voluntarily dismiss his case." *Wade v. Kerner*, No. 21-cv-2396 (GMH), 2022 WL 782414, at *2 (D.D.C. March 15, 2022).

Finally, the Court dismisses Plaintiff's claims against Defendant Pinto for failure to effect service of process, pursuant to Federal Rule of Civil Procedure (FRCP) 4(m) and D.C. Local Civil Rule 83.23. As already discussed in the Court's show cause order, pursuant to FRCP 4(m): "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice . . . or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." ECF 22 at 2 (quoting Fed. R. Civ. P. 4(m)). Here, over 250 days have gone by since Plaintiff filed this case, well beyond the 90 days set by the rule. Plaintiff has made numerous other filings in this matter, but has never requested the reissuance of summonses, sought additional time to serve process, or substantively responded to the Court's show cause order.[2] *See id*. The Court has been generous in affording Plaintiff many extensions because she is incarcerated, including by giving Plaintiff two months to respond to the show cause order to explain why Pinto (or any other defendant) has not been served yet, but the litigation has not advanced at all. Min. Order (Aug. 20, 2025). The Court's extensions are met with more requests for extensions, in which Plaintiff cites her inability to access her "files," which does not explain her inability to substantively respond to the Court's show cause order regarding service of process. In a recent filing seeking additional time to file a motion to reconsider the Court's order denying her last request for an extension, she claims that the delays in this case have been caused by "a criminal gang who work inside [California] detention facilities . . . conspiring with criminal and fraud artist [Defendant] Albert G. Pinto and his crew of gangsters and hackers." ECF 29 at 2-

---

[2] Plaintiff did file a notice that was docketed on October 10, 2025, to inform the Court that the response to the show cause order was on its way. ECF 25. But the filings that followed were motions for extensions of time that did not provide any information about Plaintiff's attempts to serve process. ECF Nos. 26 and 27. On November 13, 2025, Plaintiff also filed a notice with the Court declaring that she intended to file a motion for reconsideration of the Court's October 29, 2025, minute order denying her second motion for an extension of time. ECF No. 29. This notice also does not address the substance of the Court's show cause order nor reference any attempt to serve process.

4

3. She does not mention anything about her efforts to serve Pinto, but to the extent that is Plaintiff's explanation for failing to take any steps to serve or prosecute her claims against the remaining Defendant, the Court does not find good cause for an additional extension. If Plaintiff is not in a position to litigate this case, she can refile at a later time subject to any statute of limitations.

So, for the reasons set forth above, Defendants Mandel and Sam's Motion to Dismiss, ECF No. 8, is **DENIED** as moot because Plaintiff has agreed to dismiss her claims against them.

It is further **ORDERED** that the Court hereby **DISMISSES** this matter in full, and the Clerk of Court is **DIRECTED** to **TERMINATE** this case. The Clerk of Court is further **DIRECTED** to reflect Plaintiff's updated address, *see* Notice (Nov. 7, 2025), ECF No. 28, on the docket, and to mail a copy of this Order to Plaintiff at her updated address of record.

Date:   November 21, 2025.                              _____
                                                                            JIA M. COBB
                                                                            United States District Judge